**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
**GANG YANG,**

                        **Plaintiff,**

                        -against-

**RICHMOND HILL LAUNDRY, INC., et al.,**

                        **Defendants.**
-----------------------------------------------------------------x

**MEMORANDUM AND ORDER**

**15-CV-4917 (CBA)**

**ROANNE L. MANN, CHIEF UNITED STATES MAGISTRATE JUDGE:**

Following the Court's motion hearing on December 12, 2016, the parties to this FLSA action have agreed to conditional certification of a collective action but dispute whether the statute of limitations should be equitably tolled as of the date of the parties' initial joint motion, April 15, 2016. Compare Letter re Tolling of Statute of Limitations (Dec. 19, 2016) ("Pl. Letter"), Electronic Case Filing Docket Entry ("DE") #24 (plaintiff advocates equitable tolling), with Letter by Richmond Hill (Dec. 16, 2016), DE #23 (defendants oppose equitable tolling); see Letter re Revised Notice (Dec. 19, 2016), DE #25. Without deciding whether "equitable tolling is appropriate to account simply for the routine delays associated with legal action[,]" Pl. Letter at 1, this Court concludes that the delays in this case were anything but routine. At least a portion of the delay is attributable to the case being reassigned from one magistrate judge to another, and defendants' shift in positions on conditional certification, while done in good faith, also contributed to the time lapse. See, e.g., Letter by Richmond Hill Laundry, Inc. (Oct. 31, 2016), DE #19. These circumstances are sufficiently unusual to warrant equitable tolling in this case. See generally Chen v. XpresSpa at Term. 4 JFK, LLC, 15-CV-1347 (CBA)(CLP), 2016 WL 5338536, at *5-6 (E.D.N.Y. Sept. 22, 2016).

The parties are directed to modify their Notice of Pendency (DE #25-1) in light of the above ruling. In addition, the Consent to Join (DE #25-2) must be corrected to change the second option to "__ I wish to proceed with alternative counsel of my choosing," with a space for identification of that attorney, and omitting the phrase "on my own."

The modified forms, along with a Chinese translation, are due by December 27, 2016.

**SO ORDERED.**

**Dated:** **Brooklyn, New York**
**December 20, 2016**

/s/ *Roanne L. Mann*
**ROANNE L. MANN**
**CHIEF UNITED STATES MAGISTRATE JUDGE**